IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

    Vs.                         No.  08-40011-01-RDR

ALFREDDIE KELLEY,

        Defendant.

MEMORANDUM AND ORDER

        The case comes before the court on the defendant's motion to review the magistrate judge's decision denying his pretrial release.  (Dk. 11).  The magistrate judge conducted a detention hearing on March 14, 2008, pursuant to 18 U.S.C. § 3142(f), and after considering the parties' arguments and proffers, he entered an order of detention on the same day. (Dk. 9).  The stated ultimate reason for detention was the magistrate judge's finding by a preponderance of evidence "that no condition or combinations of conditions will reasonably assure the appearance of the defendant as required, *i.e.*, the defendant poses a serious flight risk."  (Dk. 9, p. 1).

        The defendant's motion to review challenges the magistrate judge's finding that the defendant is charged with a crime of violence as recognized under the Bail Reform Act.  The defendant also contends that

the magistrate judge's adverse findings of the relevant § 3142 factors fail to account for the defendant's proposed conditions of release that effectively counter such findings.

The court heard the defendant's motion on March 25, 2008, and counsel's arguments in favor of it.[1]  The government opposed the motion.  Neither side introduced any additional evidence.  The defendant proffered an additional reason for release based on his mother's advanced age and his desire to spend some time with her before facing any possible period of extended incarceration.

The district court has reviewed and relied on the record made before the magistrate judge which included the parties' proffers and the government's exhibit one.  The latter exhibit is a packet of investigative

---

[1]On the day of the hearing, the defendant's counsel filed a motion to withdraw as counsel citing a conflict of interest.  (Dk. 13).  At the hearing, the court had counsel address this motion.  Counsel said he had explained the motion to the defendant and also opined that while the defendant was entitled to "conflict-free" counsel he did not believe the conflict would impact his ability to represent the defendant on this motion to review the detention order.  Upon the court's inquiry, the defendant indicated that his counsel had explained the conflict to him and that he had no objection to his current counsel representing him on this motion.  Having the defendant's knowing and voluntary waiver of his counsel's limited representation, the court proceeded to hear the defendant's motion as argued by his current counsel.  The court also referred the instant motion to withdraw to the magistrate judge.

2

reports and expert testimony reports prepared following the execution of the search warrant that resulted in the defendant's arrest and this prosecution.  The packet also includes copies of the defendant's criminal history reports.  At the close of the hearing, the court ordered from the bench that the defendant be remanded to the custody of the U.S. Marshal pursuant to 18 U.S.C. § 3142 (e) and (f) and that an order would be filed meeting the requirements of § 3142(i).

**STANDARD OF REVIEW**

By statute, 18 U.S.C. § 3145(b), a defendant detained by a magistrate judge may seek review before the district court having original jurisdiction of the charged offense.  This is a de novo review of the magistrate judge's order.  *United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002) (and cases cited therein).  The district court independently makes factual findings and determines the propriety of detention without deference to the magistrate judge's findings or conclusion.  *Id.*  De novo review, however, does not require a de novo evidentiary hearing.  *Id.*  The district court may elect to "start from scratch" and hear the relevant evidence, or it simply may incorporate the record of the proceedings conducted by the magistrate judge including the exhibits

3

admitted there.  *Id.*  In its discretion, the district court may conduct evidentiary hearings if "necessary or desirable" whether or not new evidence is to be offered.  *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990).

The court incorporates the record of the proceedings conducted by the magistrate judge and considers the arguments and proffer submitted in support of the pending motion for review and at the hearing held on March 25, 2008.

**CONTROLLING LAW**

Under the Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq., the court must order an accused's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and community."  *See* 18 U.S.C. § 3142(b), (c), and (e); *see United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003). The government must prove dangerousness to any other person or the community by clear and convincing evidence.  *United States v. Burks*, 141 F. Supp. 2d 1283, 1286 (D. Kan. 2001) (and cases cited therein).  In making this determination, the court is to consider "the available

4

information" on the following four factors: the nature and circumstances of the offense, including whether the offense is a crime of violence or involves a narcotic drug; the weight of the evidence; the history and characteristics of the person; and the nature and seriousness of the danger to any person or the community posed by a release on conditions.  18 U.S.C. § 3142(g). A person's criminal history necessarily includes arrests and charges in matters that were never finally adjudicated, but the relative weight of such evidence depends on the circumstances of each case and this determination is committed to the sound discretion of the presiding judge. In cases like the one at bar, the danger to the community includes not only the risk of violence against others but also the risk of ongoing drug activity.

The Bail Reform Act, specifically 18 U.S.C. § 3142(e), recognizes a rebuttable presumption of risk of flight or danger to the community upon a finding "that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act (21 U.S.C. §§ 801 et seq.)"   "Congress framed the flight presumption in light of its general finding, based on extensive testimony, that flight to avoid prosecution is 'particularly high among those charged with major drug

offenses.'" *United States v. Martir*, 782 F.2d 1141, 1144 (2nd Cir. 1986)

(quoting Senate Report at 20, reprinted at 1984 U.S. Code Cong. & Ad.

News 3203).  A grand jury indictment charging such an offense is enough

to trigger this presumption.  *United States v. Stricklin*, 932 F.2d 1353, 1355

(10th Cir. 1991); *United States v. Walters*, 89 F. Supp. 2d 1217, 1220 (D.

Kan. 2000).  The presumption operates as follows:

> Once the presumption is invoked, the burden of production shifts to
> the defendant. However, the burden of persuasion regarding
> risk-of-flight and danger to the community always remains with the
> government. The defendant's burden of production is not heavy, but
> some evidence must be produced. Even if a defendant's burden of
> production is met, the presumption remains a factor for consideration
> by the district court in determining whether to release or detain.

*Stricklin*, 932 F.2d at 1354-55 (citations omitted).   "Thus the mere

production of evidence does not completely rebut the presumption, and in

making its ultimate determination, the court may still consider the finding by

Congress that drug offenders pose a special risk of flight and

dangerousness to society." *United States v. Hare*, 873 F.2d 796, 798-799

(5th Cir. 1989) (footnote omitted).

Count one of the indictment charges the defendant with

possession with the intent to distribute 45.73 grams of cocaine base in

violation of 21 U.S.C. §  841(a)(1).  (Dk. 1).  This charged amount of

cocaine base triggers the applicability of the penalty section of 21 U.S.C. §

841(b)(1)(B).  (Dk. 1).  Thus, count one charges an offense under the

Controlled Substances Act that carries a maximum term of imprisonment of

ten years or more as prescribed thereunder.  The court finds, as did the

magistrate judge, that a rebuttable presumption of risk of flight and danger

exists here.  Though the magistrate judge erred in finding that count two's

charge of being a felon in possession of a firearm in violation of 18 U.S.C.

§ 922(g) is a "crime of violence" under the Bail Reform Act, *United States v.*

*Ingle*, 454 F.3d 1082 (10th Cir. 2006), the rebuttable presumption remains

applicable by reason of count one.

       The defendant's initial "'burden of production . . . is to offer

some credible evidence contrary to the statutory presumption.'"  *United*

*States v. Walters*, 89 F. Supp. 2d at 1220 (quoting *United States v. Miller*,

625 F. Supp. 513, 519 (D. Kan. 1985)).  This statutory presumption springs

from "Congressional findings that certain offenders, including narcotics

violators, as a group are likely to continue to engage in criminal conduct

undeterred either by the pendency of charges against them or by the

imposition of monetary bond or other release conditions."  *See United*

*States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986).  Thus, to rebut

this presumption, a defendant must come forward with some credible

evidence of something specific about his charged criminal conduct or about

his individual circumstances that tends to show that "'what is true in general

is not true in the particular case." *United States v. Dominguez*, 783 F.2d at

707 (quotation and citation omitted).  Of course, the burden of proof

remains with the government to show there is no condition or combination

of conditions that would reasonably assure the accused's presence in later

proceedings and/or the safety of other persons and the community.  *United

States v. Lutz*, 207 F. Supp. 2d at 1251.

**ANALYSIS AND RULING**

This ruling relies on the evidence that was introduced at the

initial detention hearing before the magistrate judge and on the proffered

evidence at the detention hearing conducted by the district court.   This

ruling further considers the parties' positions and arguments advanced both

before the magistrate judge and the district court.

*Statutory Presumption*

The court finds that the defendant has carried his burden of

production in coming forward with some credible evidence to rebut the

statutory presumption of detention.  The defendant highlights both his age

8

and his poor physical and mental health and offers his sister as a responsible and reliable third-party custodian.  Before the magistrate judge, the defendant proposed a drug treatment plan, impatient or outpatients, followed by residing with his sister who would act as his custodian, assist him in making his court appearances, and report any violations of release conditions.  The defendant also would submit to electronic monitoring, drug testing, and stringent reporting requirements.  These individual circumstances about the defendant do tend to show that the recognized presumption of risk of flight and danger may not be generally applicable to him.

### Consideration of § 3142(g) Factors

Defendant's Proposed Release Plan.  While the defendant's sister owns a residence and has indicated a willingness to assume a custodial role with regards to her brother, the court is not persuaded that the proposed plan would reasonably assure the defendant's appearance as required or the safety of the community posed by the defendant's ongoing and long-term involvement in drug trafficking.  The government points out that because the defendant's sister is employed by the State of Kansas, she will not be able to monitor the defendant's behavior while she's at

9

work.  As reported by the defendant to the pretrial services officer and confirmed by his sister, the defendant has lived at his sister's residence "off and on" for the last five years.  According to the defendant, he was using marijuana and cocaine daily prior to his arrest, yet his sister reported being unaware of any prior drug use by the defendant.  The pretrial services report shows that during this same five-year period of occasional residence with his sister, the defendant violated his state parole and was charged with failure to appear in court, attempted possession of narcotics, driving while suspended and aggravated burglary.  While the court has no reason to question the desire and earnestness of the defendant's sister to act as custodian, the court has many reasons to doubt that the defendant would ever submit to his sister's supervision considering the little influence she apparently has had on his life up to now.

<u>Nature and Circumstances of the Offenses</u>.

When Topeka police officers executed a search warrant at 3371 SW Clare on May 25, 2007, they found four occupants, including the defendant who told officers that he lived there alone and was the only person named on the lease.  In a bedroom, officers found under clothing in a laundry basket a fully loaded semi-automatic 9mm pistol with a round in

the firing chamber.  The defendant told officers that he had purchased the pistol with cocaine base and that he kept it for his own protection.  The defendant admitted to officers knowing he was prohibited from possessing a gun because of a prior felony conviction.  The officers next found a large amount of cocaine base in a kitchen drawer.  The defendant told officers it was his cocaine base which he sold in order to make a living as he could not find employment.  Officers found approximately $2800 in currency on Mr. Yates who was in the house when the officers arrived.  The defendant eventually told officers that the cash held by Mr. Yates was his and represented proceeds from drug sales.  Officers also seized from the residence two digital scales, three baggies containing cocaine base, and other drug paraphernalia.

The amount of cocaine base charged in count one triggers a five-year mandatory minimum.  Because of the defendant's prior felony drug conviction, he may be facing a ten-year mandatory minimum.  21 U.S.C. § 841(b)(1)(B).  The defendant's ongoing involvement in drug trafficking as his only means for earning a living, his unlawful possession of a loaded firearm, and the possible ten-year mandatory minimum sentence weigh heavily in favor of detention.  These circumstances are compelling

evidence that the defendant poses a dangerous risk to the community in terms of his ongoing drug activity and his related possession of a firearm. These same circumstances evidence the defendant to be a flight risk particularly in light of the fixed and substantial length of sentence possibly facing the defendant.

Weight of the Evidence.

The defendant does not contest this factor.  The investigative reports show the defendant to have made statements essentially admitting both charged offenses.  This factor weighs strongly in favor of detention.

History and Characteristics of the Defendant.

The defendant's age is forty-eight years, and he has a criminal history record beginning at the age of twenty.  The defendant reports being currently treated with medications for anxiety, depression, and arthritis.  He is unemployed and has no apparent financial resources to support himself other than what his family is willing to do for him.  While the defendant boasts of his family ties, they seem to have had little effect upon his past decisions to engage in criminal conduct.  The defendant reports serious substance abuse problems with cocaine and marijuana.  His prior criminal record is significant.  It is replete with instances of violating probation and

12

parole.  He has had his sentences of probation revoked in three state

cases and then served out his sentences of incarceration.  He was even

charged with aggravated failure to appear.  In 2001, he was sentenced to a

term of twenty-seven months' incarceration for attempted aggravated

battery that involved his discharge of a firearm in a public setting.  He is

currently facing charges in Shawnee County District Court for aggravated

burglary, attempted theft, and criminal damage to property.  These

circumstances heavily favor detention.

*Nature and Seriousness of Danger to Any Other Person or the Community*

The court believes the defendant's pattern of criminal conduct

emerging from the defendant's record of convictions and arrests creates a

very real threat of continued involvement in drug trafficking and of engaging

in other criminal conduct (burglary, theft, and possession of firearms)

related to the same.  The defendant's proposed plan does not reasonably

assure the safety of the community in light of his extensive and serious

criminal history.  This factor strongly supports detention.

*Conclusion*

The court has no confidence that the defendant's proposed

plan would meet the important concerns of the danger the defendant poses

13

to the community and particularly the risk of him not appearing as required. Based upon its de novo review of the record and arguments submitted, the court finds that a preponderance of the evidence shows there is a serious risk the defendant will flee and that clear and convincing evidence establishes there is no set of conditions of release which will protect the community from the danger of the defendant engaging in additional drug trafficking crimes and related criminal conduct.  After careful consideration of all matters submitted at the hearing within the framework required by the Bail Reform Act, the court concludes that the government has carried its burden of proving that pretrial detention is warranted in this case.

IT IS THEREFORE ORDERED that the motion to review (Dk. 11) the detention order is granted insofar as the court has conducted its de novo review and is denied as to all relief requested therein;

IT IS FURTHER ORDERED that the defendant will be detained pending trial pursuant to this order and to the order of detention entered by the magistrate judge.

Dated this 26th day of March, 2008, Topeka, Kansas.

s/ Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge

14